IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CRAIG KULIGOWSKI** | : | |
|    **Plaintiff,** | : | CASE NO.: 3:24-CV-00626 |
| v. | : | JUDGE JAMES R. KNEPP, II |
| **UNIVERSITY OF TOLEDO,** *et. al.* | : | |
|    **Defendants.** | : | |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.3(b)(3), a meeting was held on June 20, 2024 via email and was attended by:

   Benjamin North   counsel for plaintiff(s) Craig Kuligowski                ; and

   In Son Loving     counsel for defendant(s) the University of Toledo and Bethany Ziviski; and

   Lorenzo Washington counsel for defendant(s) the University of Toledo and Bethany Ziviski.

2. The parties:

   ____ Have exchanged the pre-discovery disclosures required by Rule 26(a)(1) and the Court's CMC Notice; or

   _X_ Will exchange such disclosures by July 26, 2024.

3. The parties recommend the following track:

   ___Expedited        _X_ Standard        ___ Complex
   ___Administrative   ___ Complex         ___ Mass Tort

1

4. This case \_\_\_\_\_ is / \_X\_ not suitable for Alternative Dispute Resolution ("ADR") (e.g., mediation, arbitration, summary trial) <u>at this time</u>.

5. The parties \_\_\_\_ do/ \_X\_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. 636(c).

6. The parties agree that this case \_\_X\_\_ does / \_\_ does not involve electronic discovery.

**(Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules.)**

7. Recommended Discovery Plan:

   a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery, and any potential problems: <u>The parties intend to exchange written discovery and take depositions of fact and expert witnesses with respect to all Plaintiff's claims and damages and all Defendants' defenses as to both liability and damages.</u>

   b) Describe anticipated e-discovery issues (i.e., what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-production protection, etc.): <u>No e-discovery issues anticipated at this time</u>.

8. Recommended cut-off for amending the pleadings and/or adding additional parties: <u>Defendants propose July 12, 2024. Plaintiff proposes 21 days following the Court's Order on Defendant Ziviski's Motion to Dismiss (ECF No. 8)</u>.

9. Expert reports disclosed by:

   a) Plaintiff(s): November 26, 2024

   b) Defendant(s): January 9, 2025

10. Discovery deadlines:

    a) Liability: February 26, 2025

    b) Damages: March 26, 2025

11. Recommended dispositive motion date: April 25, 2025

12. Recommended date for telephone status: February 2025

2

13. Other matters for the attention of the Court: <u>Defendants request a quarterly disclosure of Plaintiff's attorney's fees. Plaintiff consents to this request.</u>

<u>/s/ Benjamin F. North (97439)</u>
*Counsel for Plaintiff*


<u>/s/ In Son J. Loving (0084848)</u>
*Counsel for Defendants*


<u>/s/ Lorenzo Washington (0096611)</u>
*Counsel for Defendants*
